UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ERIN BINNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:20-cv-01896 (UNA) |
| ) | |
| CENTRAL INTELLIGENCE ) | |
| AGENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

FILED
JUL 27 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP").  The court will grant the IFP application and dismiss the case without prejudice for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, an American citizen who currently resides in Turkey, sues the United States Central Intelligence Agency and its "contractors."  He alleges that he is "currently under investigation by the Federal Bureau of Investigation [ ] for alleged hacking and computer fraud offenses." He further alleges that he was "previously the target of attempted recruitment into the CIA through blackmail," and since that time, the CIA has surveilled, stalked, and tortured him. More specifically, he claims that the CIA "falsely communicated with the Republic of Turkey that Plaintiff was a member or supporter of ISIS and instructed" Turkey's national intelligence to target him for "an extrajudicial killing."  He attempts to bring a claim for conspiracy against his Fifth Amendment rights, pursuant to 18 U.S.C. § 241, and for intentional infliction of emotional distress. He seeks both injunctive relief and monetary damages.

First, plaintiff may not bring a civil claim pursuant to 18 U.S.C. § 241, which is a criminal statute and does not provide for a private cause of action. *See David v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (citing *Crosby v. Catret*, 308 Fed. Appx. 453 (D.C. Cir. 2009) (per curiam)); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77 (D.D.C. 2009) (holding same), *aff'd*, 2010 WL 2574084 (D.C. Cir. 2010), *cert. denied*, 562 U.S. 1201 (2001); *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996) (holding same).

Second, while plaintiff does not raise express Fifth Amendment violation claims, to the extent he seeks relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), such relief is also barred. The United States possesses sovereign immunity from suit against itself or one of its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, plaintiff does not allege, let alone establish, that the CIA has expressly consented to damages suits for constitutional violations. Additionally, he may not pursue injunctive relief because, under *Bivens*, it is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted).

Third, plaintiff does not cite to any legal authority regarding his emotional distress claim, but the only possible jurisdictional basis for tort claims against a federal agency is the Federal Tort Claims Act ("FTCA"). *Totten v. Norton*, 421 F. Supp. 2d 115, 122 (D.D.C. 2006). To the extent that plaintiff attempts to bring a claim pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671–80, jurisdiction is also lacking because there is no indication that plaintiff has exhausted his administrative remedies under the FTCA by presenting a claim to "the appropriate Federal agency" and obtaining a written denial, or allowing six months to pass without a final disposition. 28

U.S.C. § 2675(a). The District of Columbia Circuit has held that the FTCA's presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007); *see Abdurraham v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam).

Additionally, the "United States of America is the only proper defendant in a suit under the FTCA." *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 6, n. 3 (D.D.C. 2016); *see also Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]"); 28 U.S.C. § 2679(a). While the court may substitute the United States for the CIA as defendant, *see id.*, given the other inherent defects with the complaint, it declines to do so.

Consequently, the complaint and this case will be dismissed without prejudice for want of subject matter jurisdiction and failure to state a claim. A separate order accompanies this memorandum opinion.

_____/s/_____
JAMES E. BOASBERG
United States District Judge

DATE: July 27, 2020